## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WATERSIDE PHASE 1, LLC,** : | |
| **BENSALEM REDEVELOPMENT, LP,** | **CIVIL ACTION** |
| **FORTUNA STATION DEVELOPMENT, LP,** : | |
| **MEI-BERKLEY PLACE, LP,** | **No. _____** |
| **MEI-EDGEWATER, LP and** : | |
| **BARNEGAT HILLS ASSOCIATES, LP,** | |
| **Plaintiffs** : | |
| | |
| **v.** : | |
| | |
| **LENNAR MPA, LLC,** : | |
| **LENNAR MPA WIP, LLC and** | |
| **CALATLANTIC TITLE, INC.,** : **judgment** | |
| **Defendants** | |
| : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Waterside Phase 1, LLC; Bensalem Redevelopment, LP; Fortuna Station Development, LP; MEI-Berkley Place, LP; MEI-Edgewater, LP and Barnegat Hills Associates, LP; by and through their undersigned counsel, hereby state the following as their complaint for declaratory judgment against Defendants, and aver as follows:

1.  Plaintiff Waterside Phase 1, LLC is a Delaware business entity registered to do business in Pennsylvania with an address and principal place of business of 2310 Terwood Drive, Huntingdon Valley, PA 19006.

2.  Plaintiff Bensalem Redevelopment, LP is a Pennsylvania business entity registered to do business in this Commonwealth with an address and principal place of business of 2310 Terwood Drive, Huntingdon Valley, PA 19006.

3. Plaintiff Fortuna Station Development, LP is a Pennsylvania business entity registered to do business in this Commonwealth with an address and principal place of business of 2310 Terwood Drive, Huntingdon Valley, PA 19006.

4. Plaintiff MEI-Berkley Place, LP is a Pennsylvania business entity registered to do business in this Commonwealth with an address and principal place of business of 2310 Terwood Drive, Huntingdon Valley, PA 19006.

5. Plaintiff MEI-Edgewater, LP is a Pennsylvania business entity registered to do business in this Commonwealth with an address and principal place of business of 2310 Terwood Drive, Huntingdon Valley, PA 19006.

6. Plaintiff Barnegat Hills Associates, LP is a New Jersey business entity with an address and principal place of business of 2310 Terwood Drive, Huntingdon Valley, PA 19006.

7. Defendant Lennar MPA, LLC is a Delaware business entity and a subsidiary of Lennar Corporation with an address and principal place of business of 700 Northwest 107th Avenue, Miami, FL 33172.

8. Defendant Lennar MPA WIP, LLC is a Delaware business entity and a subsidiary of Lennar Corporation with an address and principal place of business of 700 Northwest 107th Avenue, Miami, FL 33172.

9. Defendant CalAtlantic Title, Inc. is a Maryland business entity which is a subsidiary of and doing business as Lennar Corporation with an address and principal place of business of 700 Northwest 107th Avenue, Miami, FL 33172.

10. CalAtlantic Title, Inc. is successor in interest to North American Title Agency, Inc.

11. This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship between Plaintiffs and Defendants, and because the amount in controversy exceeds $75,000.00.

12. Venue is proper pursuant to the written agreements between the parties and because a substantial part of the events or omissions giving rise to these claims occurred in – and a substantial portion of the properties which are the subject of this action are located in – this Judicial District.

13. Further, Plaintiffs bring this action seeking declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 to ascertain the rights, duties and obligations of the parties under certain contracts and escrow agreements.

14. A justiciable controversy exists between the parties concerning their respective rights, duties and/or obligations under the contracts and escrow agreements between Plaintiffs and Lennar MPA, LLC and Lennar MPA WIP, LLC.

15. On November 30, 2017, Plaintiffs and Defendants Lennar MPA WIP, LLC and Lennar MPA, LLC entered into an Agreement for Purchase and Sale of Real Estate with respect to various parcels of land located in Bucks and Montgomery Counties, Pennsylvania and Ocean County, New Jersey.

16. Under the Agreement for Purchase and Sale of Real Estate, Plaintiffs served collectively as the "Sellers," and Defendants Lennar MPA WIP, LLC and Lennar MPA, LLC served collectively as the "Buyers."

   *i. Indemnity Escrow under 11/30/17 Agreement for Purchase and Sale of Real Estate*

17. Section 27 of the November 30, 2017 Agreement for Purchase and Sale of Real Estate required Plaintiffs to fund a $200,000.00 escrow to indemnify Defendants

in connection with certain potential breaches which could occur over a period of two (2) years.  A true and correct copy of the Agreement for Purchase and Sale of Real Estate is attached hereto as Exhibit 1 and incorporated as if set forth herein at length.

18. The $200,000.00 was deducted from Plaintiff's closing statements and paid into escrow with North American Title Agency, Inc. as Escrow Agent.

19. North American Title Agency, Inc. was the predecessor in interest Escrow Agent to Defendant CalAtlantic Title, Inc.

### ii.  7/25/18 Indemnity and Escrow Agreement

20. On July 25, 2018, Plaintiffs and Defendants Lennar MPA WIP, LLC and Lennar MPA, LLC entered into a Reinstatement and Sixth Amendment to their prior Agreement for Purchase and Sale of Real Estate.  A true and correct copy of the reinstatement and Sixth Amendment to Agreement for Purchase and Sale of Real Estate, without exhibits, is attached hereto as Exhibit 2 and incorporated as if set forth herein at length.

21. Among other things, the parties' Reinstatement and Sixth Amendment to their prior Agreement for Purchase and Sale of Real Estate referenced and established an "Indemnity and Escrow Agreement" dated July 25, 2018 to address "Outstanding Title Issues."  A true and correct copy of the Indemnity and Escrow Agreement is attached hereto as Exhibit 3 and incorporated as if set forth herein at length.

22. The three (3) "Outstanding Title Issues" between the parties related to water service, a right of way and potential mechanics' lien claims.  *See* Exhibit 3, § 2.

23. Forty Thousand and 00/100 Dollars ($40,000.00) was deposited by Plaintiffs with North American Title Agency, Inc. as Escrow Agent pending resolution of the Outstanding Title Issues Identified in the "Indemnity and Escrow Agreement."

### *iii. 7/25/18 Post Closing-Approval Escrow Agreement*

24. The parties' Reinstatement and Sixth Amendment to their prior Agreement for Purchase and Sale of Real Estate also referenced and established a $500,000.00 "Post Closing-Approval Escrow Agreement" dated July 25, 2018 into which Plaintiffs deposited funds with North American Title Agency, Inc., as Escrow Agent, to secure their obligations to obtain certain off-site improvements. A true and correct copy of the Post Closing-Approval Escrow Agreement, without exhibits, is attached hereto as Exhibit 4 and incorporated herein as if set forth at length.

25. In addition to the $500,000.00 security for Plaintiffs' obtaining certain off-site improvements, section 11(a) of the Reinstatement and Sixth Amendment (Exhibit 2) also required Defendants to reimburse Plaintiffs for up to $150,000.00 total to obtain the off-site improvement Approvals in question.

### *iv. 2-Year Warranty Holdback per 11/30/17 Agreement for Purchase and Sale of Real Estate*

26. Section 26 of the Agreement for Purchase and Sale of Real Estate (Exhibit 1) included a Warranty Holdback, which Holdback was deducted from the Defendants Lennar MPA WIP, LLC and Lennar MPA, LLC's purchase price to compensate them for providing limited warranty services to forty-three (43) itemized Warranty Homes on behalf of Plaintiffs over a two (2) year period subject to Plaintiffs' entitlement to satisfaction of certain preconditions and timely notices. The 43 itemized Warranty Homes are listed in Exhibit 1, Schedule 1.2.48.

### *v. Post-Closing Government Approval Reimbursement per 7/26/18 Restatement and Sixth Amendment*

27. Paragraph 11(a) of the Restatement and Sixth Amendment to Agreement for Purchase and Sale of Real Estate (Exhibit 2) includes Defendants' agreement to reimburse Plaintiffs for the actual, reasonable third-party costs incurred by Plaintiffs in connection with obtaining certain post-closing governmental approvals for the portion of the subject properties referred to as "Waterside II" up to a maximum obligation of $150,000.00.

28. Defendants previously agreed to reimburse Plaintiffs $57,717.49 of the post-closing approvals costs, and Plaintiffs incurred costs far in excess of the $150,000.00 reimbursement amount.

29. On or about Spring 2018, Defendant CalAtlantic Title, Inc. a subsidiary of and doing business as Lennar Corporation succeeded to the interests of North American Title Agency, Inc. under the above-referenced escrow agreements.

30. Section 23.10 of the Agreement for Purchase and Sale of Real Estate provides "Whenever the consent or approval is required from either party in accordance with the terms of this Agreement, the consenting or approving party agrees not to unreasonably withhold, condition or delay such consent or approval unless the express terms of the Agreement provide that such consent or approval is at the 'sole' or 'absolute' 'discretion' or 'option' (or words of like import) of the consenting or approving party." *See* Exhibit 1, § 23.10.

31. Section 23.13 of the Agreement for Purchase and Sale of Real Estate states that "In the event of any mediation, arbitration and/or litigation between Purchaser and Seller in connection with this Agreement, the non-prevailing party shall

pay the costs, including reasonable legal fees and any appeal costs, if any, of the prevailing party." *See* Exhibit 1, § 23.13.

32. Despite the passage and completion of all relevant time periods under the escrow agreements, holdbacks and reimbursements listed above, and Plaintiffs' fulfillment or satisfaction of all conditions prerequisite to the release, return and/or refund of those monies paid into escrow or set aside to assure fulfillment of Plaintiffs' obligations, and written demands for release of funds from the escrows, Lennar MPA WIP, LLC and Lennar MPA, LLC have stubbornly and without justification refused to direct CalAtlantic Title, Inc. to release escrows due and owing to Plaintiffs.

33. Lennar MPA WIP, LLC and Lennar MPA, LLC have similarly refused without basis, demands to pay-over the Warranty Holdback and post-closing government approval monies to which Plaintiffs are otherwise entitled.

34. Defendants' refusals constitute a breach of contract and/or entitle Plaintiffs to a declaration directing Defendants to abide by the terms of the parties agreements and CalAtlantic Title, Inc.'s independent duties as Escrow Agent.

35. In total, and as further set forth below, Plaintiffs are entitled to a release of escrows and reimbursements totaling approximately $912,000.00, exclusive of attorneys' fees and costs of litigation.

# COUNT I

## DECLARATORY JUDGMENT AND BREACH OF INDEMNITY ESCROW UNDER NOVEMBER 30, 2017 AGREEMENT FOR PURCHASE AND SALE OF REAL ESTATE

**Waterside Phase I, LLC, Bensalem Redevelopment L.P., Fortuna Station Development LP, MEI-Berkley Place, LP, MEI-Edgewater, LP, Barnegat Hills Associates, LP v. Lennar MPA, LLC, Lennar MPA WIP, LLC and CalAtlantic Title, Inc.**

36. Plaintiffs incorporate the allegations of the paragraphs above as if set forth herein at length.

37. Pursuant to Section 27 of the November 30, 2017 Agreement for Purchase and Sale of Real Estate, Plaintiffs were required to fund a $200,000.00 escrow to indemnify Defendants in connection with (i) the breach of any representation or warranty of Plaintiffs under the Agreement or other documents delivered at closing, (ii) Plaintiffs' breach of any covenant or agreement made under the Agreement, (iii) any Excluded Liabilities as specifically defined by the Agreement, or (iv) the provision of any Warranty Services by Defendants for the limited period of two (2) years – through the Warranty End Date – against third party claims provided Defendants supplied Plaintiffs with notice and secured Plaintiffs' advance approval (except in emergency situations). *See* Exhibit 1, §§ 26.1, 27.1.

38. The $200,000.00 was deducted from Plaintiff's closing statements and paid into escrow with the Escrow Agent. *See id.* at § 27.2.

39. The Escrow Agent has never advised Plaintiffs of any claim in the form of a Purchaser Release Notice by Defendants to the $200,000.00 escrow funds under Section 4(b) of the Escrow Agreement, and on August 6, 2020, Plaintiffs demanded payment of the entire $200,000.00 escrow amount as permitted by Escrow Agreement §

4(e). A true and correct copy of the Escrow Agreement is attached hereto as Exhibit 5, and incorporated herein as if set forth at length.

40. Despite the absence of any Warranty Management Costs reports from Defendants against the $200,000.00 in escrow, Defendants have now objected to any release of these funds.

41. In fact, in addition to the absence of any Warranty Management Costs reports from Defendants, there are only two (2) outstanding pending insurance claims by homeowners from the forty-three (43) specifically-itemized Warranty Homes enumerated in the Agreement.

42. The first outstanding claim from a qualified Warranty Home owner is for punchlist work the buyer claims was not completed, which has been dormant for 2½ years.

43. The second qualified claim is in a slip and fall case filed by another buyer.

44. Plaintiffs have offered to have their insurance company cover any potential exposure or liability of Defendants for both of these open claims.

45. Without the receipt of any Release Notices from Lennar MPA, LLC or Lennar MPA WIP, LLC per the Escrow Agreement, there is no basis for Defendants' objection to the Escrow Agent's release of the $200,000.00 held pursuant to the Escrow Agreement.

46. The Claims End Date Plaintiffs seek a declaration pursuant to Section 4(e) of the Escrow Agreement that they are entitled to the immediate release of the $200,000.00 Warranty Holdback plus their reasonable attorneys' fees and litigation costs incurred in the prosecution of these claims.

**WHEREFORE,** Plaintiffs demand judgment declaring that they are entitled to payment of the $200,000.00 Indemnity Escrow under Section 27 of the Agreement for Purchase and Sale of Real Estate, and that by preventing the payment of these escrow monies Lennar MPA WIP, LLC and Lennar MPA, LLC are jointly and severally liable to Plaintiffs for all reasonable attorneys' fees, litigation costs and other costs incurred in pursuit of this action.

## COUNT II

**DECLARATORY JUDGMENT AND BREACH OF JULY 25, 2018 INDEMNITY AND ESCROW AGREEMENT**

**Waterside Phase I, LLC, Bensalem Redevelopment L.P., Fortuna Station Development LP, MEI-Berkley Place, LP, MEI-Edgewater, LP, Barnegat Hills Associates, LP v. Lennar MPA, LLC, Lennar MPA WIP, LLC and CalAtlantic Title, Inc.**

47. Plaintiffs incorporate the allegations of the paragraphs above as if set forth herein at length.

48. As of the date of the parties' Indemnity and Escrow Agreement, July 25, 2018, three (3) "Outstanding Title Issues" were identified between the parties:

   a. Agreement as to water service recorded in the office of the Bucks County Clerk in Deed Book 2041, page 723;

   b. Easement and 33' right of way recorded in the office of the Bucks County Clerk in Deed Book 656, page 441; and

   c. Mechanics' Liens and/or any actions to enforce said Mechanics' Liens that may be filed or recorded against any portion of the Property relating to work performed prior to July 25, 2018.

49. The parties deposited $40,000.00 into escrow pursuant to the Indemnity and Escrow Agreement.

50. As of January 25, 2019, six (6) months' time had passed and no threats or filings of any mechanics' lien claims against the subject property had occurred.

51. Section 502(a) of the Pennsylvania Mechanics' Lien Law provides:

> (a) PERFECTION OF LIEN.  To perfect a lien, every claimant must:
>
> > (1) file a claim with the prothonotary as provided by this act within six (6) months after the completion of his work . . . .

49 P.S. § 1502(a).

52. Because no mechanics' lien claim was filed or threatened as of January 25, 2019, the filing of a mechanics' lien claim is barred 49 P.S. § 1502(a).

53. The Indemnity and Escrow Agreement states that the $40,000.00 was to be released in two (2) $20,000.00 increments following Plaintiffs' written "Release Request" to the Escrow Agent that each of the two (2) Outstanding Title Issues had been resolved.  *See* Exhibit 3, § 6(a).

54. If the Defendants disputed Plaintiffs' entitlement to either of the two (2) $20,000.00 releases following a Release Request by Plaintiffs', Section 6(a) of the Indemnity and Escrow Agreement required that Defendant deliver a written "Purchaser's Notice" to Plaintiffs and the Escrow Agent within ten (10) days from receipt of the Release Request.  *See id.*

55. Plaintiffs, through their counsel, informed the Escrow Agent in writing that the Outstanding Title Issue in § 2(a) regarding agreement as to water service recorded in the office of the Bucks County Clerk in Deed Book 2041, page 723 had been

resolved, and the Escrow Agent released $20,000.00 in escrow funds to Plaintiffs per § 6(a) of the Indemnity and Escrow Agreement.

56. On January 3, 2019, Plaintiffs, through their counsel, informed the Escrow Agent in writing that the Outstanding Title Issue regarding the easement and 33' right-of-way recorded in the office of the Bucks County Clerk in Deed Book 656, page 441 had been resolved. *See* Exhibit 6, attached hereto and incorporated as if set forth at length.

57. Defendants failed to deliver a timely written Purchaser's Notice objecting to the release of the second $20,000.00 under the Indemnity and Escrow Agreement within the ten (10) day limit for such objections stated Section 6(a) of the Agreement; and when a notice dated January 14, 2019 was finally delivered by the Defendants, the notice incorrectly concluded – without any support in the record documents surrounding the easement in question – that the easement at issue was located in whole or in part across property subject to the agreement of sale between the parties. *See* Exhibit 7, attached hereto and incorporated as if set forth at length.

58. In fact, the easement and 33' right of way referenced as the second Outstanding Title Issue was and is located entirely on a separate property, which is not subject to the agreement of sale between the parties.

59. No other Outstanding Title Issues exist upon which Defendants can justify their objection to the release from escrow of the remaining $20,000.00 held under the Indemnity and Escrow Agreement.

60. Defendants have stubbornly and without basis refused to consent to the release of the remaining $20,000.00, forcing Plaintiffs to seek relief from this Court.

61.     Plaintiffs seek a declaration pursuant to Section 6 of the Indemnity and Escrow Agreement (Exhibit 3) that they are entitled to the immediate of the remaining $20,000.00 held under the Indemnity and Escrow Agreement plus their reasonable attorneys' fees and litigation costs incurred in the prosecution of these claims.

**WHEREFORE,** Plaintiffs demand judgment declaring that they are entitled to payment of the remaining $20,000.00 held under the Indemnity and Escrow Agreement, and that by preventing the payment of these escrow monies Lennar MPA WIP, LLC and Lennar MPA, LLC are jointly and severally liable to Plaintiffs for all reasonable attorneys' fees, litigation costs and other costs incurred in pursuit of this action.

## COUNT III

**DECLARATORY JUDGMENT AND BREACH OF JULY 25, 2018 POST CLOSING-APPROVAL ESCROW AGREEMENT**

**Waterside Phase I, LLC, Bensalem Redevelopment L.P., Fortuna Station Development LP, MEI-Berkley Place, LP, MEI-Edgewater, LP, Barnegat Hills Associates, LP v. Lennar MPA, LLC, Lennar MPA WIP, LLC and CalAtlantic Title, Inc.**

62.     Plaintiffs incorporate the allegations of the paragraphs above as if set forth herein at length.

63.     Pursuant to section 4 of the Agreement for Purchase and Sale of Real Estate (Exhibit 1), as amended by the section 11(b) of the July 25, 2018 Reinstatement and Sixth Amendment (Exhibit 2), the Post Closing-Approval Escrow Agreement (Exhibit 4) established a $500,000.00 post-closing escrow using Plaintiffs' funds with the Escrow Agent to secure Plaintiffs' obligation to obtain Approvals of certain off-site improvements.

64. The same July 25, 2018 Reinstatement and Sixth Amendment (Exhibit 2) also required Defendants to reimburse Plaintiffs for up to $150,000.00 total to obtain the off-site improvement Approvals in question. *See* Exhibit 2, § 11(a).

65. The off-site improvements contemplated under the Post Closing-Approval Escrow Agreement were enumerated in the Agreement for Purchase and Sale of Real Estate, and included:

   a. Pump Station B-7 Approvals;

   b. Pump Station B-8 Approvals;

   c. PennDOT Approvals; and

   d. Outstanding Easements.

*See* Exhibit 1, § 4.4.4.

66. As of December 30, 2020, Plaintiffs have arranged for and provided, at their cost, all Approvals of those four (4) enumerated categories of off-site improvements, including Water Quality Management Permits for pump stations B-7 and B-8 and all necessary Highway Occupancy Permits as well as the easements for those completed off-site improvements.

67. During the process of securing those Approvals, Plaintiffs submitted five (5) reimbursement requests to Defendants under subsection 11(a) of the July 25, 2018 Reinstatement and Sixth Amendment totaling $57,717.49, which were paid.

68. The Plaintiffs' last request, for $92,282.51, representing the remaining balance of Defendants' $150,000.00 reimbursement obligation, was rejected in a letter dated April 14, 2021 from Defendants' counsel, who misrepresented the cost reimbursement request as a request under the Escrow Agreement pursuant to which

the $500,000.00 escrow being held by the Escrow Agent as security for Plaintiffs' securing all approvals for the off-site improvements was held. *See* Exhibit 8, attached hereto and incorporated as if set forth at length.

69. The Escrow Agreement was further amended in December 2020, in connection with securing $85,000.00 consideration paid for the final off-site improvement in the form of a sanitary easement over the Yacht Club portion of the subject property, by an Agreement between Plaintiffs and Defendants, to allow the disbursement of that amount directly to the Yacht Club, subject to reimbursement by Defendants of $50,000.00 of such amount, if certain conditions were met. Therefore, the amount of security in escrow being held pending the Approvals listed above is currently $415,000.00.

70. Inasmuch as Approvals of all off-site improvements have been secured and presented, there is no basis for Defendants' objection to the Escrow Agent's release of the remaining $415,000.00 held as security pursuant to the July 25, 2018 Reinstatement and Sixth Amendment and the contemporaneous Post Closing Approval Escrow Agreement, and Plaintiffs seek a declaration they are entitled to its immediate release plus their reasonable attorneys' fees and litigation costs incurred in the prosecution of these claims.

**WHEREFORE,** Plaintiffs demand judgment declaring that they are entitled to payment of the remaining post-closing escrow and the balance of the off-site improvement reimbursement obligation, all together totaling $415,000.00 under the Reinstatement and Sixth Amendment and Post Closing-Approval Escrow Agreement, and that by preventing the payment of these escrow monies Lennar MPA WIP, LLC and

Lennar MPA, LLC are jointly and severally liable to Plaintiffs for all reasonable attorneys' fees, litigation costs and other costs incurred in pursuit of this action.

## COUNT IV

### BREACH OF NOVEMBER 30, 2017 AGREEMENT FOR PURCHASE AND SALE OF REAL ESTATE

**Waterside Phase I, LLC, Bensalem Redevelopment L.P., Fortuna Station Development LP, MEI-Berkley Place, LP, MEI-Edgewater, LP, Barnegat Hills Associates, LP v. Lennar MPA, LLC, Lennar MPA WIP, LLC**

71. Plaintiffs incorporate the allegations of the paragraphs above as if set forth herein at length.

72. Pursuant to section 26 of the Agreement for Purchase and Sale of Real Estate, a Warranty Holdback in the amount of $200,000.00 was deducted in from the purchase price by Defendants to permit them to provide limited warranty services to forty-three (43) certain specifically-itemized Warranty Homes enumerated in the Agreement on behalf of Plaintiffs.

73. A precondition to Defendants' ability to draw from the Warranty Holdback was the submission of documented warranty claims; and any individual instance of costs in excess of $10,000.00 required Plaintiffs' prior written approval. Defendants were required to supply Plaintiffs with written reports of any Warranty Management Costs incurred in the preceding three (3) months.

74. No Warranty Management Cost reports were provided to Plaintiffs by Defendants before the expiration of the Warranty Management period on July 29, 2020.

75. Following Plaintiffs' request for a return of the entire unused $200,000.00 Warranty Holdback, attached hereto as Exhibit 9, counsel for Defendants suddenly suggested a claim of $113,890.45 against the Warranty Holdback total.  *See* Exhibit 10.

76. Defendants also failed to file a timely report of Warranty Management Costs for the $113,890.45.

77. In fact, only $15,257.83 of the costs posited by Defendants were incurred on one of the forty-three (43) specifically-itemized Warranty Homes enumerated in the parties' agreement.

78. Because Defendants have only presented evidence of $15,257.83 in Warranty Management Costs properly attributable to the enumerated Warranty Homes, Plaintiffs are entitled to its immediate payment of the remaining $184,742.17 Warranty Holdback, plus their reasonable attorneys' fees and litigation costs incurred in the prosecution of these claims.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Lennar MPA WIP, LLC and Lennar MPA, LLC, jointly and severally for the remaining $184,742.17 Warranty Holdback, plus reasonable attorneys' fees, litigation costs and other costs incurred in pursuit of this action.

## **COUNT V**

## **BREACH OF JULY 26, 2018 RESTATEMENT AND SIXTH AMENDMENT TO AGREEMENT FOR PURCHASE AND SALE OF REAL ESTATE**

## **Waterside Phase I, LLC, Bensalem Redevelopment L.P., Fortuna Station Development LP, MEI-Berkley Place, LP, MEI-Edgewater, LP, Barnegat Hills Associates, LP v. Lennar MPA, LLC, Lennar MPA WIP, LLC**

79. Plaintiffs incorporate the allegations of the paragraphs above as if set forth herein at length.

80. Pursuant to paragraph 11(a) of the Restatement and Sixth Amendment to Agreement for Purchase and Sale of Real Estate (Exhibit 2), Defendants agreed to reimburse Plaintiffs for

> the actual, reasonable third-party costs incurred by [Plaintiffs] in connection with obtaining the Outstanding [] Approvals, provided that (i) in no event shall the Purchasers' reimbursement obligation [] exceed One Hundred Fifty Thousand and 00/100 Dollars ($150,000.00) in the aggregate . . . .

*See* Exhibit 2, § 11(a).

81. Defendants previously agreed to reimburse Plaintiffs $57,717.49 of the post-closing approvals costs.

82. Plaintiffs incurred far in excess of the $150,000.00 reimbursement amount.

83. Plaintiffs presented Defendants with itemized support for their final request to release the remaining balance of $92,282.51, which Defendants have denied.

84. Plaintiffs are entitled to its immediate payment of the remaining $92,282.51 post-closing approvals costs, plus their reasonable attorneys' fees and litigation costs incurred in the prosecution of these claims.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Lennar MPA WIP, LLC and Lennar MPA, LLC, jointly and severally for the remaining $92,282.51 in post-closing approvals costs, plus reasonable attorneys' fees, litigation costs and other costs incurred in pursuit of this action.

          **EASTBURN AND GRAY, PC**

BY: _____ rrw1529
      **ROBERT R. WATSON, JR.**
      **PA ID 83787**
      **470 Norristown Road, Suite 302**
      **Blue Bell, PA  19422**
      **(215) 345-7000**
      **(215) 542-9421 (fax)**
      **rwatson@eastburngray.com**
      **Attorneys for Plaintiffs**